Vitaly B. Sigal, Esq. S.B.N. 198623
**SIGAL**
**LAW GROUP**
15250 Ventura Blvd., Suite PH-1220
Sherman Oaks, CA 91403
Telephone: (818) 325-0570
Facsimile: (818) 325-0571

Attorney for Defendant, CELERINO JARAMILLO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | ) 23-CR-00411-HDV |
|---|---|
| | ) |
| | ) **DEFENDANT'S MEMORANDUM** |
| V. | ) **OF LAW IN SUPPORT OF** |
| | ) **APPLICATION FOR** |
| | ) **REVIEW/RECONSIDERATION** |
| | ) **OF ORDER OF DETENTION;** |
| CELERINO JARAMILLO | ) **DECLARATION OF VITALY B.** |
| | ) **SIGAL** |
| | ) |

The Defendant CELERINO JARAMILLO, under *Fed. R. Crim. P. 46*, respectfully submits the following in support of an order setting conditions for release of the Defendant from custody.

1

## I.      INTRODUCTION

The defendant is charged by way of Indictment (Dkt#12) with multiple counts relating to the sale and possession of controlled substances. He has pled not guilty to all charges. (Dkt#16)

The defendant was initially arrested on a complaint on August 03, 2023 and made his Initial Appearance before the court (Dkt#5) the same day. After hearing argument on the government's request for detention, the Magistrate Judge ordered the defendant to be detained.

### A.      CHANGED CIRCUMSTANCES

Since the initial hearing, the defendant, through his family, has obtained a score of potential sureties. The extensive list of potential sureties is follows[1]:

| NAME OF SURETY | SURETY TYPE |
| --- | --- |
| Celerino Jaramillo, Sr. | $10,000 Unsecured Signature Bond |
| Jimmy Jaramillo | $10,000 Unsecured Signature Bond |
| Lynette S. Leal | $10,000 Unsecured Signature Bond |
| Manuela A. Bustamante | $10,000 Unsecured Signature Bond |
| Jennifer Jaramillo | $5,000 Unsecured Signature Bond |

---

[1] It is anticipated that most or all of the named sureties will be present at the October 12, 2023, bail hearing.

2

| NAME OF SURETY | SURETY TYPE |
|---|---|
| Angel Jaramillo | $5,000 Unsecured Signature Bond |
| Adriana Jaramillo | $5,000 Unsecured Signature Bond |
| Melisa Jaramillo | $5,000 Unsecured Signature Bond |

The defendant posits that a $60,000 bond, signed by all of the above-named sureties is sufficient and should assuage the court's concerns about the defendant being both flight risk and danger to the community. The sheer number of people who believe in the defendant speaks volumes as to his character. Several other people, in addition to the above named, also wrote letters on his behalf. The letters of support are filed concurrently with this memorandum as **Exhibit A**.

### B. THE DEFENDANT'S BACKGROUND AND CHARACTERISTICS

The defendant was born on February 15, 1994, in Los Angeles. He has lived in the Central District of California (CACD) most of his life. He has a large family consisting of seven siblings. Both of the defendant's parents reside nearby and have regular contact with him. He has been working with his father since his incarceration and learning the business of camera installation. Jaramillo resides with his wife and four

children, who he helps take care of. Pictures of the defendant and his extended family are attached as **Exhibit B**.

The defendant has a limited history of foreign travel and has never traveled to anywhere other than Mexico, having traveled to Cabo San Lucas twice. One of the visits was for a vacation and another was to visit distant family members. His United States passport is currently expired and available for surrender to federal authorities.

The defendant current incarceration has caused his extended family a substantial hardship and created a massive void in their life. They have struggled without the defendant. The defendant's wife, Lynette Jaramillo has submitted a declaration that is filed concurrently with this Memorandum outlining this as well as other matters.

### C.  PROPOSED BOND CONDITIONS

The Defendant, respectfully proposes the following bond:

1. A $60,000 unsecured bond signed by the above-named sureties.
2. The Defendant will participate in United States Pretrial Service's (PSA) Location Monitoring Program to the extent that is required by the court.
3. The Defendant will submit to drug testing as directed by PSA.
4. The Defendant's travel is to be limited to within the Central District of California; and
5. Any other conditions that the court deems appropriate.

## II.     ARGUMENT

### A. THE DEFENDANT WARRANTS AN ORDER OF PRETRIAL RELEASE

"In our society liberty is the norm, and detention prior to trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). In the Bail Reform Act of 1984, Congress implemented that norm by providing for detention only if the Court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any person and the community." *18 U.S.C. § 3142(e)(2).*

Federal law has traditionally provided that a person arrested for a non-capital offense shall be admitted to bail. *USA v. Motamedi*, 767 F.2d 1403 (9th Cir., 1990) (citing *Stack v. Boyle*, 342 U.S. 1, 4). Only in rare cases should release be denied. Doubts regarding the propriety of release are to be resolved in favor of defendants. (*Herzog v. United States*, 75 S.Ct. 349 (1955)). U.*S. v. Townsend,* (9th Cir. 1990) 897 F.2d 989, 993–994 (some internal citations omitted)

The judicial officer shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court…*18 U.S.C. § 3142(b) (in pertinent part)*

If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer must order the pretrial release of the person subject to the least restrictive further conditions, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the person satisfy any condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community. *18 U.S.C. § 3142(c)*.

### B.  THE PRESUMPTION FOR DETENTION MAY BE OVERCOME BY THE FACTORS SET FORTH IN *18 U.S.C. § 3142(g)*

The court may consider any evidence of economic and social stability. Such as evidence of a person's marital, family and employment status, minor children, ties to and role in the community, minimal criminal history and lack of mental health history or anything else in *§ 3142(g)*. If the defendant is able to rebut the presumption, the presumption merely remains as one factor to be weighed along with other elements. *U.S. v. Dominguez*, 783 F.2d 702 at 707 (7th Cir. 1986).

The factors set forth in *18 U.S.C. § 3142(g)* are (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against the person;" (3) "the history and characteristics of the person" including, among other factors, family ties, employment, financial resources, past conduct, criminal history, and whether the person was on release pending trial; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *18 U.S.C. § 3142(g)*

The government cannot rely on the presumption alone to support a request for pretrial detention; it must introduce intrinsic incriminatory evidence, apart from the allegations contained in the indictment, in accordance with the factors which a judicial officer must consider in determining whether to detain a defendant. See *U.S. v. Jackson*, 845 F.2d 1262 (5th Cir. 1988).

The constitutionality of the presumption depends in part on the fact that the defendant does not bear the burden of proving that he is not a danger or a flight risk. *United States v. Jessup*, 757 F.2d 378, 386 (1st Cir. 1985) The presumption "does not impose a burden of persuasion upon the defendant." The burden of persuasion remains with the government" at all times and never shifts to the defense. *Jessup*, at 384.

The defendant's burden of production is "relatively light," that is only the burden of production, and that the burden of persuasion remains with the government *United States v. Downs*, 406 F.Supp.3d 1314, 1317-1318 (N.D. Fla. 2019). See also *United*

7

*States v. Stricklin*, 932 F.2d 1353, 1354 (10th Cir. 1991) ("The defendant's burden of production is not heavy, but some evidence must be produced.") Any evidence favorable to a defendant that comes within a category listed in *18 U.S.C. § 3142(g)* can affect the operation of one or both of the presumptions, including evidence of his or her marital, family, and employment status; ties to and role in the community; clean criminal record; and other types of evidence relevant to the person's history and characteristics. *Dominguez. Id. at 707*.

(1) <u>Applying the 18 U.S.C. 3142(g) Factors to the Defendant</u>

The factors contemplated in *§3142(g)(3)* are weighted heavily in favor of the defendant. He is essentially a lifelong resident of the Central District of California, having only briefly resided outside the district after his release from incarceration. He is married and has extensive family ties here with no ties to any other jurisdiction. He does not possess an unexpired and valid passport and will surrender that passport upon release. He has a stable home life and is raising four minor children with his wife, as well as acting a stepfather to them. Additionally, he has strong ties to extended family and friends as evidenced by the fact that he has so many people willing to risk substantial financial consequences to be sureties on his behalf. They do so, because they

believe in Mr. Jaramillo and know he will comply with all the bond conditions that the court would impose in the event of a favorable ruling.

Likewise, the factors contemplated in *§3142(g)(4)* weigh favorably for the defendant. Although he concedes that he has prior arrests and has served time in prison, he has shown that he is able to be compliant with supervision. This evidenced by the letter from the defendant's parole officer J.Chacon indicating that the defendant was able to be discharged from parole early after only one year. The letter is attached as **Exhibit C**. The fact that the defendant was able to terminate his parole early shows that he is not a danger to the community and can be trusted to comply with supervision.

Further, the allegations in the indictment complain of activities allegedly committed by the defendant on April 25, 2023. Yet his arrest by federal authorities did not occur until August 03, 3023. In April 2023, the defendant was originally arrested by local police, posted bail, and referred to the Los Angeles Superior Court. On the date of his court hearing, the defendant came on time as ordered and was told case was a "DA reject"[2]. The defendant was allowed to remain free for almost more than three-months and had no further contact with law enforcement while remaining in the jurisdiction the entire time. He showed during that period he is neither a danger to the community nor a flight risk.

---

[2] This is a colloquial term used to denote the fact that on the date of the arraignment, there was no case filed by the District Attorney. It could mean that either the case will not be filed or could still be filed at a later date.

9

A defendant cannot be detained as dangerous under *§ 3142(e)*, even if the presumption not rebutted, unless a finding is made that no release conditions "will reasonably assure ... the safety of the community ...". That finding cannot be based on evidence that he has been a danger in the past, except to the extent that his past conduct suggests the likelihood of future misconduct. *U.S. v. Dominguez, Id* 706–707.

While the defendant concedes that the case involves controlled substances, none of the factors contemplated in *§3142(g) (1-2)* can overcome the defendant's strong list of equities. The Ninth Circuit has held that the weight of the evidence against the defendant is a factor to be considered but it is "the least important" of the various factors. See *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990), citing U.*S. v. Motamedi* (9th Cir. 1985) 767 F.2d 1403, 1408. To presume risk of flight from strong "evidence" of guilt would be "tantamount to a presumption of guilt." *United States v. Gray*, 651 F. Supp. 432, 436 (W.D. Ark. 1987)

### III.   CONCUSION

Even a short stay in jail may have a disrupting effect on the lives of individuals regarding their employment, housing, custody of minor children, and a host of other factors.[3] The defendant's situation exemplifies this in a substantial way.  He and his

---

[3] *Alexander Holsinger and Kristi Holsinger, Analyzing Bond Supervision Survey Data, The Effects of Pretrial Detention on Self-Reported Outcomes, FEDERAL PROBATION JOURNAL, at 39 (Sept. 018).*

family have been devastated by his incarceration and the consequences to the defendant greatly outweigh what Congress intended in passing the *Bail Reform Act*. Likewise, his case is an example of the kind of case the Supreme Court had in mind *Salerno, Id.* when they established that liberty is the norm, and detention prior to trial is the carefully limited exception. The defendant is unlikely to flee and is not a danger to the community, as such he respectfully requests that the court set bond pursuant to the least restrictive conditions.

Dated:   October 4, 2023

**SIGAL LAW GROUP**

*Vitaly B. Sigal*

_____

**VITALY B. SIGAL, ESQ.**
**ATTORNEY FOR DEFENDANT**

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR REVIEW/RECONSIDERATION OF ORDER DETENTION